```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

JERRY GARRETT, an individual,   :
as Special Administrator for    :
the ESTATE OF FRANK GARRETT,    :
JR.,                            :
                                :
     Plaintiff,                 :
                                :
v.                              :     Case No. 3:22-cv-89(RNC)
                                :
VIVA CAPITAL 3, L.P.,           :
                                :
U.S. BANK, N.A.,                :
                                :
     Defendants.                :
```

## RULING AND ORDER

Plaintiff Jerry Garrett, administrator of the estate of his late father, Jerry Garrett, Jr., brings this case against defendants Viva Capital 3, L.P. ("Viva 3") and U.S. Bank, N.A. He claims that the estate is entitled to the proceeds of a stranger-originated life insurance ("STOLI") policy paid to U.S. Bank as the securities intermediary for Viva 3, the beneficial owner of the policy.  The policy was issued by a Connecticut-based insurance company to the Jerry Garrett 2006 Life Insurance Trust, a Delaware statutory trust.  In 2019, after plaintiff's father died, the Connecticut-based insurance company that issued the policy processed U.S. Bank's application for the death benefit and paid the proceeds to U.S. Bank, which then credited the proceeds to Viva 3's securities account.

1

Under Delaware law, which appears to govern all issues relating to this policy, STOLI policies constitute illegal wagers on human life and are therefore "void ab initio and can never be enforced." Wilmington Trust, N.A. v. Sun Life Assurance Co. of Can., 294 A.3d 1062, 1065 (Del. 2023). However, if the issuer of a STOLI policy controlled by Delaware law has already paid the death benefit, a Delaware statute authorizes the decedent's estate to bring an action to recover the proceeds from the recipient. See DEL. CODE. ANN. tit. 6, § 2704(a) and (b) (1953); Lavastone Cap. LLC v. Est. of Berland, 266 A.3d 964, 970-71 (Del. 2021)(construing Section 2704). Plaintiff's claims against Viva 3 and U.S. Bank are based on this statute.  Subject matter jurisdiction is based on diversity of citizenship.

The defendants have moved to dismiss the case for lack of subject matter jurisdiction on the ground that both plaintiff and Viva 3 are citizens of California.  Since the motion was filed, Viva 3 has submitted an amended statement under Fed. R. Civ. P. 7.1 demonstrating that its members include at least one person who, like plaintiff, is a citizen of California.  In light of this filing, plaintiff no longer disputes that complete diversity is lacking.  Instead, he proposes to drop Viva 3 as a defendant and proceed against U.S. Bank alone, thereby curing the jurisdictional problem.  The defendants contend that

plaintiff's proposal is untenable because Viva 3 is an indispensable party under Fed. R. Civ. P. 19.  The issue presented by the motion to dismiss is thus whether the action should proceed in the absence of Viva 3 or be dismissed as to both defendants.

Plaintiff previously litigated a substantially similar issue in another STOLI case involving the same scenario.  In Garrett v. ITM TwentyFirst, LLC, No. 22-cv-10065-MGM (D. Mass.), plaintiff sued Viva Capital Trust ("Viva Trust"), the beneficial owner of an insurance policy issued on his father's life, along with its securities intermediary, Wilmington Trust, N.A., which had received the proceeds of the policy and credited them to Viva Trust's securities account.  The suit was based on a South Dakota statute like the Delaware statute at issue here.  See S.D. CODIFIED LAWS § 58-10-3 (1966).  In opposing dismissal of the action for lack of complete diversity, plaintiff argued that the Court should drop Viva Trust as a defendant and allow the case to proceed against Wilmington Trust.  The Court determined that Viva Trust was a required party under Fed. R. Civ. P. 19(a) and that dismissal was warranted under Rule 19(b).  See ITM TwentyFirst, No. 22-cv-10065-MGM, Order Granting Mot. to Dismiss and Denying Mot. to Stay, ECF No. 78 (D. Mass. Sept. 27, 2023).

After due consideration of the parties' extensive submissions, I reach the same decision here.[1]

Plaintiff contends that Viva 3 is not a required party under Rule 19(a) because U.S. Bank is jointly and severally liable under Section 2704(b), which provides a cause of action against "any payee" of the proceeds of a STOLI policy.  Yet it is far from clear that the statute should be interpreted to enable plaintiff to proceed solely against U.S. Bank, notwithstanding Viva 3's acknowledgement that it is the recipient of the proceeds.  See Wells Fargo v. Est. of Malkin, 278 A.3d 53, 56-57 (Del. 2022)(observing that "a securities intermediary who merely acts on the instructions of the beneficial owner of a STOLI policy and credits the policy proceeds to the beneficial owner is unlikely to face ultimate liability under Section 2704(b)").  Even assuming, however, that such a possibility exists, plaintiff's claim against U.S. Bank cannot be resolved on the merits without determining Viva 3's rights vis-à-vis the Estate.  In this regard, Viva 3 states that it has viable affirmative defenses as well as counterclaims for breach of contract, fraud, negligent misrepresentation, promissory estoppel, and indemnification.[2]  The Court of Appeals

---

[1] My decision makes it unnecessary to decide whether collateral estoppel applies to the ruling in the Massachusetts case.
[2] Viva 3 alleges that Frank Garrett, Jr. "caused his trust to voluntarily relinquish the Policy while making numerous representations and warranties

has stated that "[i]f the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a)." Jonesfilm v. Lion Gate Intern., 299 F.3d 134, 141 (2d Cir. 2002). Accordingly, I find that Viva 3 is a required party.

Plaintiff contends that its claim against U.S. Bank can be adjudicated in Viva 3's absence without prejudicing Viva 3's interest in the litigation because "prejudice to absent parties approaches the vanishing point when the remaining parties are represented by the same counsel, and when the absent and remaining parties' interests are aligned in all respects." Marvel Characters, Inc. v. Kirby, 726 F.3d 119 (2d Cir. 2013). However, it is not clear that Viva 3's and U.S. Bank's interests are "aligned in all respects." This issue was addressed in the Massachusetts case. In its order dismissing the case, the Court stated that it was unclear whether Wilmington Trust would have standing to assert counterclaims and defenses on behalf of Viva Trust, and further noted that the two defendants' interests could diverge. See ITM TwentyFirst, No. 22-cv-10065-MGM, Order Granting Mot. to Dismiss and Denying Mot. to Stay, ECF. No. 78 (D. Mass. Sept. 27, 2023)(citing Est. of Malkin, 278 A.3d at 67

---

that would appear to be false if the Court were to invalidate the policy, including that the Policy was valid and supported by an insurable interest." ECF 78, at 9-10.

5

in support of the proposition that a securities intermediary is likely to seek indemnification from a STOLI policy's beneficial owner).

Even assuming U.S. Bank has standing to assert Viva 3's affirmative defenses and counterclaims, their interests are not identical because U.S. Bank can look to Viva 3 for indemnification.  Therefore, Viva 3 argues, to avoid prejudicing its interest in the subject matter of this action, in which plaintiff has sued it under Section 2704 as a recipient of the policy proceeds, plaintiff should be required to proceed in a court where Viva 3 will have an opportunity to litigate its defenses and counterclaims directly.  After pragmatically examining the interests of the parties as Rule 19 requires and balancing Viva 3's interest against plaintiff's interest in maintaining the present action in Viva 3's absence, I agree with Viva 3.[3]

---

[3] Plaintiff submits that "[f]ederal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth., 795 F.3d 351, 357 (2d Cir. 2015) (quoting 7 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1609 (3d ed.2015)).  However, Am. Trucking Ass'n is readily distinguishable.  In that case, the Court of Appeals held that New York State was not an indispensable party because the State's asserted interests in the litigation were not protected by Rule 19 and the New York Attorney General, which represented an existing party, would fully protect the State's interests.  Am. Trucking Ass'n, 795 F.3d at 357-60.  Here, in contrast, Viva 3's interest makes it a required party under Rule 19(a) and, as just discussed, there is no assurance that this interest would be fully protected by U.S. Bank if the litigation were to proceed in Viva 3's absence.

Plaintiff submits that the risk of prejudice identified by the defendants is illusory because Viva 3 has no viable defenses and counterclaims under Delaware law.  He relies on a recent Delaware Supreme Court decision in which the court refused to permit defenses that, if successful, would have resulted in enforcement of a STOLI policy in violation of Delaware's strong public policy against wagering on human life.  See Est. of Malkin, 278 A.3d at 63 (establishing that defenses typically available to bona fide purchasers and securities intermediaries under Delaware's version of the Uniform Commercial Code are unavailable in actions under Section 2704(b)).  Other courts applying Delaware law have held that certain common law equitable defenses and claims are likewise barred as a matter of law in STOLI cases.  See, e.g., Est. of Barotz by Barotz v. Vida Longevity Fund, L.P., No. N20C-05-144 EMD CCLD, 2022 WL 16833545, at *10-11 (Del. Super. Nov. 9, 2022) (holding that the affirmative defenses of waiver and release, as well as counterclaims for declaratory judgment, breach of contract, and promissory estoppel, fail as a matter of law in Section 2704(b) cases).  These decisions appear to cast doubt on whether any defenses or counterclaims Viva 3 might assert in this action could be legally sufficient to prevent plaintiff from recovering the policy's death benefit under Section 2704.

However, the Delaware Supreme Court has expressly held that "Section 2704(b) is not inconsistent with all common-law defenses or counterclaims that a downstream purchaser of a policy might assert against an estate." Est. of Malkin, 278 A.3d at 62.  In Malkin, the Court did not attempt to identify defenses or counterclaims that could be available to a downstream purchaser like Viva 3.  Instead, it instructed courts to "look to the elements of the common-law defenses or counterclaims asserted — and, where appropriate, the public policy underlying the ban on human-life wagering — to decide the viability of such defenses or counterclaims to an estate's action under Section 2704(b)." Id. at 62-63.  Undertaking such an analysis at this juncture would not be appropriate because it would effectively convert the pending motion to dismiss for lack of subject matter jurisdiction into a vehicle for adjudicating the case on the merits.[4]

Based on counsel's comments during oral argument, it is my understanding that dismissal of this action will not prejudice plaintiff because he can refile the action in Delaware state

---

[4] In further support of dismissal, defendants contend that proceeding in Viva 3's absence would lead to piecemeal litigation.  I agree that this risk weighs in favor of dismissal.  If this case proceeded against U.S. Bank alone, it could be dismissed on the ground that the cause of action conferred on the Estate by Section 2704 must be brought against Viva 3 as the acknowledged recipient of the proceeds.  In that event, the judgment would leave unresolved plaintiff's claim against Viva 3.  Alternatively, if the plaintiff were to obtain a judgment in favor of the Estate as a previous payee of the proceeds, U.S. Bank would be left to seek indemnification from Viva 3.

court and both defendants are amenable to litigating in that forum.[5]  Plaintiff submits that he would prefer not to start over in Delaware.  However, Rule 19 instructs federal courts to prioritize the public's interest in the "efficient settlement of controversies."  <u>Provident Tradesman Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 111.  This action has been effectively stayed pending a ruling on the motion to dismiss.  Allowing the litigation to proceed in Delaware presents the best opportunity to secure an efficient, legally sound, final disposition of all three parties' rights and obligations.

Accordingly, the motion to dismiss is hereby granted for lack of subject matter jurisdiction.  The Clerk may enter judgment and close the file.

So ordered this 31st day of August 2024.

/s/ RNC  
Robert N. Chatigny  
United States District Judge

---

[5] Litigation between the parties is already pending in state court in California, but that action has been stayed and at this point the parties appear to prefer Delaware as a forum for the litigation.